**STATE of Tennessee, Appellee,**

v.

**Ambrose Milton BENNETT, Appellant.**

Court of Criminal Appeals of Tennessee.

Feb. 14, 1980.

Permission to Appeal Denied By Supreme Court May 5, 1980.

Jeffrey H. Jones, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, James W. Harrison, Kathleen O. Spruill, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant was convicted under T.C.A. § 52–1432 of possession with the intent to sell of a controlled substance, phencyclidine, Schedule III of the Tennessee Drug Control Act, T.C.A. § 52–1417. He was sentenced to confinement for not less than five and one-half nor more than eight years. In this appeal as of right from that conviction, he raises the issues of the sufficiency of the evidence, the State's disposing of the property seized at his arrest, and the trial court's failure to recognize his standing to contest a search of his property which occurred in California.

One of the appellant's co-defendants, his wife Joni Bennett, was acquitted, and a mistrial was declared as to the other co-defendant, Edward Davis.

In considering the issue challenging the sufficiency of the evidence, we have examined the twelve hundred page record developed during this elongated trial. On November 23, 1977, a man brought a blue vinyl suitcase to the United Airlines freight terminal at Los Angeles International Airport. He identified himself as Jerome Bennett and gave a Los Angeles address which was later found to be fictitious. The airline employee who received the suitcase testified that the man was nervous and hesitant about listing the contents of the suitcase on the air freight bill. The employee assisted the man in filling out the bill and noticed that the consignee of the package was listed as Ambrose Bennett of Memphis. The employee's suspicion was aroused by the man's actions, and, concerned about the safety of the aircraft and its passengers, the airline employee opened and searched the suitcase. He found some clothing, toiletry items, and a container of Johnson's baby powder, the top to which was not completely snapped shut. Opening the container, he poured out some of the powder and found a plastic bag inside which smelled of ether and which contained "a substance" he was unable to identify.

The airline employee then called the narcotics department of the Los Angeles Police Department. When an investigating officer arrived, he found the suitcase open on a table in the freight office. In the suitcase he saw a cannister of Dr. Scholl's foot powder, some clothing, and an open cannister of Johnson's baby powder. A plastic bag smelling of ether and containing leafy plant material was visible protruding from the top of the baby powder cannister. At police headquarters the bag was photographed, and samples of the plant substance were retained for analysis. The ensuing investigation revealed the sender to be John Huston Williams, the half brother of the co-defendant Davis. The Los Angeles police department notified Memphis authorities that the bag contained phencyclidine and alerted them that it was being sent to Memphis to the appellant, who was the consignee listed on the freight bill.

The Memphis authorities obtained a search warrant for the blue suitcase and, on November 25, 1977, saw the appellant entering the airport freight terminal. He identified himself as Ambrose Bennett and obtained the suitcase. The appellant was arrested when he attempted to put the suitcase in the trunk of a 1973 Continental Mark IV automobile. The owner of the car and the driver at that time was Davis, and Joni Bennett was sitting on the passenger side of the front seat.

The testimony further showed that Davis had sent his half brother in Los Angeles a money order for $220 on November 15, 1977. An analysis of the plant-like material showed it to be 112.2 grams (4.2 ounces) of phencyclidine, known in street parlance as

angel dust. A Los Angeles police officer testified that the street value of phencyclidine was $1000 an ounce.

The appellant did not testify, but offered a witness who testified that the appellant had borrowed an automobile the day before he was arrested and that he had returned the car the next day. She also said that Pooh Pooh (co-defendant Davis) had called her home seeking the appellant and had left his phone number to give to the appellant.

We are satisfied that the evidence is sufficient to support this conviction. The police were present at the airline freight office and witnessed the appellant claiming the suitcase containing the controlled substance. The appellant was accosted by the Memphis authorities as he put the blue suitcase in the trunk of the car. When the police executed the search warrant they found 112.2 grams of phencyclidine in the bag. The jury could and did infer from the amount of the substance that the appellant possessed it with the intent to sell. The evidence issue is without merit and is overruled.

In one of his issues for review the appellant maintains that the suitcase and clothing were lost by the Memphis authorities before trial. Since photographs of the bag and clothing were introduced and identified in lieu of the items, the loss of these articles had no influence whatsoever on the guilt or innocence of the appellant. This issue is overruled.

The appellant complains of the trial court's ruling that he had no standing to contest the California search. He offered proof that he had requested that Williams send him his (appellant's) clothing and that Williams had agreed to do so and had told him to keep the suitcase in which the clothing would be shipped. At the jury-out hearing on his motion to suppress evidence of the California search, the appellant testified that he owned the clothing and had left it in the apartment he shared with Williams in California. He reasons that he had standing to challenge the California search because he had a possessory interest in the suitcase and its contents and that his expectation of privacy for Fourth Amendment purposes attached when Williams shipped the suitcase. The appellant cites the case of *State v. Johnson*, 569 S.W.2d 808 (Tenn. 1978) and argues that, in circumstances remarkably similar to those before us, the Supreme Court's ruling that the California search was valid implicitly recognized a defendant's standing to challenge such a search. In *Johnson*, however, the court never addressed the standing issue, but simply held that a search free from governmental involvement is not a search within the penumbra of Fourth Amendment protection. Here, after arguments were heard about the validity of the search warrant executed on the appellant at the Memphis airport, the trial court sustained the validity of that document, which ruling is not at issue here. The court also held that there was no search for Fourth Amendment purposes in California because it started and ended with the opening of the suitcase and baby powder container by the United Airlines employee, a private individual. Under the authority of *Johnson*, we are fully in accord with this holding by the learned trial court. Assuming *arguendo* that, as the appellant contends, the court erred in ruling that he had no standing to contest the search, the alleged error would not have been prejudicial because the evidence adduced at trial clearly showed that there was no governmental involvement in the airline employee's uncovering the contraband in Los Angeles. A search by a private individual as here infringes on none of the rights guaranteed to the appellant by the Constitution. This issue has no merit and is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and TATUM, JJ., concur.